RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RECEIVERSHIP RUBERT HERMANOS, INC., Intervener.

No. 141.   Argued November 3, 1947.—Decided January 14, 1948.

*Luis Negrón Fernández, Attorney General, J. Rivera Barreras* and *Elmer Toro Lucchetti, Assistant Attorneys General,* for petitioner. *Gabriel de la Haba* for intervener, complainant in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

On motion of the Treasurer of Puerto Rico we issued the writ in this case to review the decision of the Tax Court to

the effect that personal property consisting of raw material belonging to the taxpayer, Receivership Rubert Hermanos Inc., was exempt from property tax from 1945 to 1946 pursuant to Act No. 61 of May 5, 1945 (Session Laws, page 220). The lower court based its decision primarily on the fact that according to § 6 of said Act, the latter became effective on July 1, 1945 and that since that date the aforesaid property was exempt from taxation.

■■ Notwithstanding the fact that the exemption provided by said Act was not made retroactive to January 15,. which was the tax date under the Political Code, and of having· repeatedly held in *Teachers' Association* v. *Sancho Bonet,. Treas.*, 54 P.R.R. 511; *Roig* v. *Sancho Bonet, Treas.*, 54 P.R.R. 617; *Varcárcel* v. *Sancho Bonet, Treas.*, 61 P.R.R. 207ʼ and *Buscaglia, Treas..* v. *Tax Court*, 63 P.R.R. 37, that it is; on said date, January 15, that the taxable status of the prop-- erty arises and that it should remain unaltered, (with the exception, of course, if the property is expressly exempted at that time) and of having expressly decided in *National Hats Co.* v. *Sancho, Treas.*, 65 P.R.R. 226 that when the property is not exempt on January 15, it is subject to taxation, although it afterwards becomes exempt; the lower court held that the legislative intent in fixing the effectiveness of the Act for July 1, 1945, was to exempt the raw material from the tax already assessed on the previous January 15.

We do not agree. If the Legislature, knowing our decisions, did not make Act No. 61 of 1945 retroactive to January 15, the taxes already imposed at that time, although not collected, were owed by the taxpayer. As we said in *Teachers' Association* v. *Sancho Bonet, supra,* "the liability for the payment of property taxes arises at the time when the assessment of property for tax purposes is completed." In *National Hats Co.* v. *Sancho, supra,* we refused to accept appellant's contention to the effect that although taxes are levied

on January 15 of each year, they are not really owed until July and January first.

Although in the above mentioned cases, except that of the *National Hats* where the exemption was of a general character, the property involved was real, and in the case at bar it is personal, the situation is the same, inasmuch as under § 297 of the Political Code all personal property shall be assessed to the owner thereof in the municipality in which he resides on the fifteenth of January. So that the taxable status arises on the same day for both kinds of property and the liability or obligation for tax payment on that same day, January 15 of each year.

We find nothing in Act No. 61 of 1945 to warrant a departure from those decisions or from the doctrine established in *Monllor & Boscio, Sucrs.* v. *Sancho, Treas.*, 61 P.R.R. 63; *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Treas.*, 64 P.R.R. 870 and *National Hats Co.* v. *Sancho, supra,* to the effect that statutes granting tax exemption should be strictly construed and unless it is expressly stated therein that they shall be retroactively applied, they should not be so construed. Cf. *Island Needlework* v. *Tax Court,* 65 P.R.R. 681, 685.

Since the property of the taxpayer was not exempt on January 15, 1945, the lower court erred in its decision and the same is reversed and the case remanded with instructions to dismiss the complaint filed by the taxpayer.